415 A.2d 1235
**COMMONWEALTH of Pennsylvania**
v.
**Robert GIGLIOTTI, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 6, 1979.

Filed Dec. 7, 1979.

Ronald A. White, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

PER CURIAM:

Appellant, Robert Gigliotti, was arrested and charged with murder, voluntary manslaughter, and recklessly endangering another person. After his arrest, appellant gave a written statement in which he admitted responsibility for the incident. A pretrial motion to suppress appellant's statement was denied, and this statement was used by the prosecution at trial over objection. After a trial before a judge sitting without a jury, appellant was found guilty of murder of the third degree. Post-verdict motions were denied, and appellant was sentenced to a term of imprisonment of six to fifteen years. This appeal followed.

The only issue raised by appellant in this appeal is whether the statement which he gave to the police should have been suppressed because it was not a voluntary statement. We find no merit to appellant's contention.

On July 23, 1976, appellant was arrested around 10:46 p. m. and taken to Bensalem Township's police department on a charge of theft of gasoline. This charge is not involved in this appeal. At that time, the police read to appellant his *Miranda* rights. Appellant was arraigned on the theft charge at about 3:30 p. m., in Warminister Township, Bucks County, a neighboring township. Appellant was interviewed by the police for about twenty minutes after the arraignment. Appellant was upset and crying during the interview but no threats, promises, or physical violence were directed against appellant. At 5:00 a. m., two·hours later, appellant was returned to Bensalem Township police headquarters. Appellant then received separate visitations from his father, his brothers, a lawyer, and his fiancee. At approximately 10:00 a. m., appellant was fed. Appellant then remained in his cell until 3:15 p. m., when he was

---

* Justice LOUIS L. MANDERINO of the Supreme Court of Pennsylvania and Judge VINCENT A. CIRILLO of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

re-arrested for murder which occurred in Philadelphia. Appellant was again advised of his *Miranda* rights and taken immediately to Bucks County to be arraigned on the murder charge. At 3:45 p. m., appellant was returned to Bensalem Township police headquarters and ten minutes later, appellant indicated that he wanted to see the Philadelphia police. This request was transmitted through the Bucks County police. Two detectives from the Philadelphia police department then gave appellant his *Miranda* rights. At 4:10 p. m., appellant gave a statement to the detectives which was reduced to writing and signed by appellant.

Appellant contends that his statement was involuntarily given because of his impaired mental and physical condition and because of the police officers' use of psychologically coercive tactics. Appellant's contention is based on his testimony at the suppression hearing that at the time of his arrest, he was drunk, wet and cold, and was beaten. Appellant also testified that he had a broken nose and that the police were informed of his condition. Additionally, appellant testified that he made the statement because the police informed appellant that his fiancee and his two brothers were in the custody of the police. According to appellant, the police did not honor his request to have a lawyer available in Philadelphia.

If the recitation of facts in the previous paragraph were those upon which this appeal would be decided, serious questions concerning the voluntariness of appellant's statement would be raised. The above recitation, however, is essentially the testimony of appellant. That testimony was, however, contradicted by prosecution witnesses and the suppression court determined the issue of credibility against appellant. The issues cannot be relitigated on appeal since the evidence introduced by the prosecution at the suppression hearing sustained the trial judge's conclusion that appellant's statement was not coerced in any way, but given voluntarily during a meeting which was requested by appellant.

Although appellant had been in custody for almost eighteen hours at the time he gave his statement, he had been

arraigned, had been questioned for only a brief period of time, had had the opportunity for consultation with his family and a lawyer and, finally, initiated the meeting which resulted in the statement a short time after the requested meeting began. Under these circumstances there is no basis in the record before us for disturbing the suppression court's conclusion that appellant's statement was a voluntary one.

Judgment of sentence affirmed.

This decision was reached prior to the death of MANDER-INO, J.